UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CYNTHIA G. DENTON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| U.S. BANK TRUST NATIONAL | § | |
| ASSOCIATION, NOT IN ITS | § | Civil Action No.  SA-12-CV-683-XR |
| CAPACITY BUT SOLELY AS | § | |
| DELAWARE TRUSTEE AND U.S. | § | |
| BANK NATIONAL ASSOCIATION, | § | |
| NOT IN ITS CAPACITY BUT SOLELY | § | |
| AS CO-TRUSTEE FOR | § | |
| GOVERNMENT LOAN | § | |
| SECURITATION [SIC] TRUST 2011- | § | |
| FV1, WELLS FARGO BANK, N.A., | § | |
| | § | |
| *Defendant*. | § | |

**ORDER**

On this day the Court considered Defendant's Motion to Dismiss for Failure to State a Claim

(Docket Entry No. 3).  For the following reasons, the Court GRANTS the motion to dismiss without

prejudice to Plaintiff filing an amended complaint.

**Background**

Plaintiff Cynthia Denton is the owner of real property located in Bexar County, and commonly

known as 9091 Arborwood, San Antonio, Texas 78250.  Defendant Wells Fargo is alleged to be the

owner and holder of the mortgage note.  Plaintiff alleges that Wells Fargo accelerated on the loan, and

placed the subject property for non-judicial foreclosure on July 3, 2012.  On July 2, 2012, Plaintiff

filed an Original Petition and Application for a Temporary Restraining Order and Injunction in the

408th Judicial District Court for Bexar County, Texas. (Docket No. 1, Exh. 5).  The Court granted

an ex parte Temporary Restraining Order prohibiting the foreclosure sale, and set a hearing on the

Temporary Injunction for July 16, 2012. (Docket No. 1, Exh. 8).  Defendant Wells Fargo removed

the action to this Court on July 13, 2012. (Docket No. 1).  On July 16, 2012, Defendants Marty

LaCouture and Wes Hiatt, who were named in this lawsuit due to their appointment as substitute

trustees under the terms of the Deed of Trust, filed a Motion to Dismiss Plaintiff's complaint.

Plaintiff has not filed a response.

## Legal Standard

If a complaint fails to state a claim upon which relief can be granted, a court is entitled to

dismiss the complaint as a matter of law.  FED. R. CIV. P. 12(b)(6).  A claim for relief must contain

(1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain

statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the

relief sought".  FED. R. CIV. P. 8(a).  In considering a motion to dismiss under Rule 12(b)(6), all

factual allegations from the complaint should be taken as true, and the facts are construed favorably

to the plaintiff.  *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993).  To

survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555 (2007).

## Analysis

Although Plaintiff asserts a number of causes of action in her State court petition, as pointed

out by Defendants in the motion to dismiss, it lacks the factual support needed to raise the right to

relief to a plausible level.[1]  Plaintiff asserts a claim for breach of contract, but fails to allege facts establishing a contract or the breach thereof.  Plaintiff cites violations of three Texas Property Code provisions, but fails to allege facts establishing whether any of these provisions were violated. Plaintiff asserts violations of the Texas Debt Collection Practices Act, but fails to allege any facts to support such violations.  Further, Plaintiff fails to allege any facts that would support a claim for trespass to try title or "reformation."

Thus, Plaintiff's complaint does not provide enough information regarding the underlying cause of action so as to enable Defendants to file a responsive pleading.  *See Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 349 (4th Cir. 2005).  Accordingly, even taking all the factual allegations in the complaint as true, the complaint fails to state a "short and plain statement of the claim" showing that Denton is entitled to relief, and is subject to dismissal.  FED. R. CIV. P. 8(a), 12(b)(6).

A Court generally should not dismiss a complaint in its entirety without offering an opportunity for the plaintiff to amend the complaint in order to state a claim upon which relief can be granted.  *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n. 6 (5th Cir. 2000) (citing *Cates v. International Telephone and Telegraph Corp.*, 756 F.2d 1161, 1180 (5th Cir. 1985).  In this case, this Court finds that the Plaintiff is entitled to amend her pleading in order to provide a more definite statement of the cause of action underlying her complaint.

**Conclusion**

Defendants' Motion to Dismiss the complaint is GRANTED without prejudice to Plaintiff re-

---

[1] In her petition, Plaintiff's only factual allegations are: that "there are impediments to the sale and accounting relating to amounts owed or reinstatement amounts"; that "Plaintiff was offered an opportunity for mortgage modification and the Plaintiff has not had enough time to respond"; and that "Plaintiff is exploring other options under state and federal law to which she may be entitled."

filing an amended complaint.  Plaintiff is directed to file an amended complaint on or before **August 27, 2012**, specifying the causes of action upon which she believes she is entitled to relief.  If Plaintiff fails to file an amended complaint by that date, the Court may dismiss the case.

It is so ORDERED.

SIGNED this 6th day of August, 2012.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE